IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL CARBIDE COMPANY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:15-cv-248 |
| | ) |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| EXETER CONSTRUCTION, LLC., and | ) |
| DENNIS B. BALLARD, | ) |
| | ) |
| Defendants. | ) |

### RULE 26(f) REPORT OF THE PARTIES

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Federal Carbide Company ("FCC") and Defendants Exeter Construction, LLC ("Exeter") and Dennis B. Ballard ("Ballard"; collectively "Defendants") submit the following Rule 26(f) Report of the Parties.

1. *Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:*

    Jason L. Richey, Esquire
    William D. Wickard, Esquire

    K&L Gates LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, Pennsylvania 15222
    Tel.: (412) 355-6260
    *Counsel for Plaintiff*

    Matthew Jameson, III, Esquire
    Robert M. Palumbi, Esquire

    Babst, Calland, Clements and Zomnir, P.C.
    Two Gateway Center, 7th Floor
    603 Stanwix Street
    Pittsburgh, PA  15222
    *Counsel for Defendants*

2.  *Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):*

    This is a civil action regarding a construction project near Tyrone, Pennsylvania. FCC has filed a complaint containing counts for fraudulent inducement, breach of contract, breach of warranty and specific performance. Exeter has filed a counterclaim containing counts for breach of contract, unjust enrichment and violation of Pennsylvania's Contractor and Subcontractor Payment Act.

3.  *Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:*

    The Rule 26(f) Conference was held telephonically on March 28, 2016 at 2:00 p.m. William Wickard appeared on behalf of Plaintiff and Robert Palumbi appeared on behalf of the Defendants. There is no additional named party who has not yet been served or entered an appearance as of the date of this Conference.

4.  *Date of Rule 16 Initial Scheduling Conference as scheduled by the Court: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):*

    The Initial Status Conference is scheduled for April 19, 2016 at 1:30 p.m.

5.  *Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:*

    FCC filed a motion to dismiss Exeter's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) on April 6, 2016.

6.  *Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:*

    The Parties have discussed and selected mediation as their ADR process. The Parties anticipate completing mediation within three months of the Initial Status Conference, i.e., July 19, 2016.

7. *Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:*

   Neither party proposes any changes in the timing, form or requirements of Federal Rule of Civil Procedure 26(a).

8. *Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):*

   Parties expect that discovery will be needed on the claims and defenses of the parties, agreements, course of dealings between the parties, statements of parties and their agents, expert discovery, opinions of consultants, and damages. Subject to this limitation, and depending on orders issued by this Court, the parties reserve the right to engage in discovery on the following matters, which include, but are not limited to: matters relating to FCC's allegations in the Complaint and Defendants' answers and affirmative defenses thereto; matters related to Exeter's allegations in the Counterclaim and FCC's answers and affirmative defenses thereto; matters relating to the calculation of damages; and any other matter relevant to the parties' claims and defenses as may be developed throughout the course of the action.

   The Parties agree to reserve the right to make objections to individual discovery requests even if contained within the context of the subjects of discovery identified above.

9. *Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):*

   a. *Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:*

      The parties will exchange Rule 26(a) initial disclosures on or before May

3

3, 2016.

b. *Date by which any additional parties shall be joined:*

May 17, 2016

c. *Date by which the pleadings shall be amended:*

June 30, 2016

d. *Date by which fact discovery should be completed:*

November 1, 2016

e. *If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:*

N/A

f. *Date by which plaintiff's and counterclaimant's expert reports should be filed:*

both parties will file expert reports on November 30, 2016

g. *Date by which depositions of plaintiffs' and counterclaimant's expert(s) should be completed:*

depositions of both parties' experts will be completed by February 1, 2017

h. *Date by which rebuttal expert reports should be filed:*

both parties will file any rebuttal expert reports by December 30, 2016

i. *Date by which depositions of defendant's expert(s) should be completed:*

depositions of both parties' experts will be completed by February 1, 2017

j. *Date by which third party expert's reports should be filed:*

N/A

k. *Date by which depositions of third party's expert(s) should be completed:*

N/A

10. *If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:*

    At this time, the Parties do not believe that any changes should be made on limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations.

11. *Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.*

    The Parties have discussed the discovery of electronically stored information ("ESI") in this case and do not believe that there is any need for special deadlines, procedures, or orders of Court dealing with such discovery. If any dispute arises during this case concerning the discovery of ESI, the Parties will make a good faith effort to resolve any such dispute without involving the Court.

    a. *ESI. Is either party seeking the discovery of ESI in this case? If disputed, identify the nature of the dispute.*

       Yes. At this time, the Parties intend to seek ESI, such as electronic mail ("e-mail") messages and electronically generated and/or stored letters or other documents.

    b. *Metadata. Will any metadata be relevant in this case? If yes, with respect to what ESI? If disputed, identify the nature of the dispute.*

       At this time, the Parties do not anticipate that metadata will be relevant in this case.

    c. *Format. Have the parties agreed on the format(s) for production of ESI? If no, what disputes remain outstanding?*

       At this time, the Parties have agreed that any ESI may be produced in hard copy and/or PDF form and any other mutually-agreed to format.

    d. *Clawback Agreement. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D? If no, will an*

   *alternative provision be proposed?  (If so, please attach.)*

   The Parties will be using the Form Inadvertent Production Provision of LCvR 16.1.D.

e. **<u>Search terms</u>**.  *Have the parties agreed on any protocol for review of electronic data?  If yes, please describe.  If no, please identify what issues remain outstanding.*

   The Parties will search ESI for discoverable documents and information as guided by properly framed discovery requests.

f. **<u>Accessibility</u>**.  *Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)?  If no, please identify the nature of the dispute.*

   At this time, the Parties do not expect that the discovery of any ESI that is not reasonably accessible will be sought in this matter.  The Parties may seek discovery of e-mail messages and electronically generated and/or stored letters or other documents.

g. **<u>Preservation</u>**.  *Are there any unresolved issues pertaining to the preservation of ESI?  If so, please describe.*

   At this time, the Parties are not aware of any unresolved issues pertaining to the preservation of ESI.

h. **<u>Other</u>**.  *Identify all outstanding issues or disputes concerning ESI.*

   N/A

12. *Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are <u>not</u> required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):*

      *a.*      *Settlement and/or transfer to an ADR procedure;*
      *b.*      *Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference*
      *c.*      *Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;*
      *d.*      *Dates by which parties' pre-trial statements should be filed;*
      *e.*      *Dates by which in limine and Daubert motions and responses thereto should be filed;*
      *f.*      *Dates on which motions in limine and Daubert motions shall be heard;*
      *g.*      *Dates proposed for final pre-trial conference;*
      *h.*      *Presumptive and final trial dates.*

The Parties have elected to schedule a Post-Discovery Status Conference following the completion of discovery.

13. *Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):*

No such orders are contemplated by the parties at this time.

14. *Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:*

The Parties do not anticipate the need for the appointment of a special master at this time.

15. *If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:*

N/A

16. *Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:*

The Parties have discussed the possibility of settlement but, as of this date, have been unable to reach a resolution.

Respectfully submitted,

(*signed with permission*)

| /s/ William D. Wickard<br>Jason L. Richey, Esquire<br>Pa. I.D. # 78943<br>William Wickard, Esquire<br>Pa. I.D. # 87741<br><br>K&L Gates LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, Pennsylvania 15222<br>Tel.: (412) 355-6260<br><br>*Counsel for Plaintiff*<br>*Federal Carbide Company* | /s/ Robert M. Palumbi<br>Matthew Jameson, III, Esquire<br>Pa. I.D. # 67764<br>Robert M. Palumbi, Esq.<br>Pa. I.D. # 307774<br><br>Babst, Calland, Clements and Zomnir, P.C.<br>Two Gateway Center, 7th Floor<br>603 Stanwix Street<br>Pittsburgh, PA  15222<br><br>*Counsel for Defendants*<br>*Exeter Construction, LLC and Dennis B. Ballard* |

Dated:  April 12, 2016