**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FEDERAL CARBIDE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-cv-248 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| EXETER CONSTRUCTION, LLC., and | ) | |
| DENNIS B. BALLARD, | ) | |
| | ) | |
| Defendants. | ) | |

## [~~PROPOSED~~] INITIAL SCHEDULING ORDER

NOW, this **19th** day of April 2016, **IT IS HEREBY ORDERED** that the above-
captioned civil action is placed under Rule 16.1 of the Local Rules of the United States District
Court for the Western District of Pennsylvania for pretrial proceedings and all provisions of the
Rule will be strictly enforced.

**IT IS FURTHER ORDERED** that counsel shall confer with their clients prior to the
Post-Discovery Status Conference, or any other status conference, in order to obtain authority for
the purpose of participating in settlement negotiations to be conducted by the Court.  Counsel are
encouraged to appear with their principals at all such conferences, or instruct the principals to be
available by telephone to facilitate the amicable resolution of all litigation.

**IT IS FURTHER ORDERED** that compliance with the provisions of Local Rule 16.1
shall be completed as follows:

### A.    Initial Case Management Plan

1.  The parties shall move to amend the pleadings by June 30, 2016 or add new parties
    by May 17, 2006.

2.  The parties shall make the required disclosures identified in Rule 26(a)(1)(A)(B)(C)

and (D) on or before May 3, 2016.

The parties are reminded that under the rule, a party shall make its initial disclosures based on the information then reasonably available, and is not excused from making its disclosures because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.

3. Modifications of the times for, and extent of, any disclosures under Fed. R. Civ. P. 26(a) and 26(e)(1) shall be made by

N/A.

4. The following limits on the scope of discovery shall apply:

N/A

5. The parties shall complete all fact discovery by November 1, 2016.

All interrogatories, notices of deposition, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed and filed prior to the close of discovery.

6. The parties shall complete all expert discovery by February 1, 2017.

The parties shall make their disclosure of experts required by Rule 26(a)(2) by November 30, 2016.

The depositions of all experts shall be completed by February 1, 2017.

7. The parties shall designate this case for arbitration, mediation, appointment of a special master, or other special procedure, if appropriate, by

N/A.

2

8. A Post-Discovery Status Conference is scheduled for

_December 9, 2016, at 11:00 A.M._
**(Note: The court will fill in this date after the IR 16 conference).**

The parties shall be prepared to discuss settlement and the possibility of using a method of alternative dispute resolution. Seven days prior to the date of the Post Discovery Status Conference, counsel and unrepresented parties are jointly responsible for submitting to the Court a proposed Final Scheduling Order that includes: (1) dates by which dispositive motions should be filed and responded to; (2) dates by which the parties' pretrial statements should be filed; (3) dates by which motions *in limine* should be filed and responded to; (4) dates by which *Daubert* motions should be filed and responded to; (5) dates on which argument on *Daubert* motions and motions in limine shall be heard; (6) a date for the final pretrial conference; and (7) trial dates. *See* Exhibit "B" of Judge Gibson's Practice and Procedures.

9. The parties shall file any dispositive motions that are appropriate prior to the close of discovery on or before

N/A
_____.

The nonmoving party's response to any such motion is due on

N/A
_____.

Deadlines for dispositive motions that are only appropriate after the close of discovery will be set at the Post-Discovery Status Conference. Failure to file a dispositive motion before the close of discovery will not act as a waiver of any right to file an appropriate motion after the close of discovery.

**B.** **Motion Practice**

**(1) Motions Not Requiring Briefs**

No brief is required by either movant or respondent unless otherwise directed by the Court with respect to the following motions:

(a) For extension of time for the performance of an act required or allowed to be done;

(b) To continue a Post-Discovery Status Conference;

(c) To amend the pleadings;

(d) To file supplemental pleadings;

(e) For a substitution of parties; and

(f) To compel discovery.

Any of the above-motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion. All other motions and responses thereto, must be accompanied by a brief. The Clerk shall not accept for filing any motion, application, or objection requiring a brief, which is not accompanied by such brief, without permission of the Court. Briefs in support of a motion and briefs in opposition to a motion shall be limited to twenty-five (25) pages excluding tables.

**C.** **Procedure Governing Discovery Disputes**

The Federal Rules of Civil Procedure allow for liberal discovery. In the absence of a privilege, relevancy is the test for determining whether material is discoverable. Fed. R. Civ. P. 26(b)(1). This rule is construed broadly and includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

4

Discovery is not limited to the issues raised only in the pleadings, but rather is designed to define and clarify the issues. *Id.* At 351. Nor is discovery objectionable on the ground that the information sought would be inadmissible at trial, so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Additionally, should it be determined that, given the needs of the case, compliance with a discovery request would be burdensome or expensive, this will not necessarily be grounds for nonproduction, but it may impact the Court's decision as to who must bear the cost of production.

In the event a dispute arises over a discovery request, all counsel are required to confer in good faith in an effort to resolve the issue without court intervention. It shall be the obligation of the attorney for the party seeking court intervention to initiate such conferences and to do so promptly. Refusal to confer in good faith may subject counsel to sanctions, such as the imposition of costs, including the attorney's fees of opposing counsel, under Fed. R. Civ. P. 37(a)(4).

In the event, however, that the parties to this action are unable to informally resolve a discovery dispute and court intervention is sought, the movant shall file a Motion to Compel Discovery (or Protective Order). Attached to the motion shall be a proposed Order of Court in which the moving party shall set forth, in specific detail, its proposal for completely resolving the discovery dispute. Within fourteen (14) working days after receipt of the motion, the respondent, either singularly or in conjunction, shall file a written response. Attached to the response shall be respondent's proposed Order of Court.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

cc:    **All counsel of record**

6