IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL CARBIDE COMPANY, | ) Case No. 3:15-cv-248 |
| )  | |
| Plaintiff, | ) Judge Kim R. Gibson |
| ) | |
| v. | ) |
| ) | |
| EXETER CONSTRUCTION, LLC and DENNIS B. BALLARD, | ) |
| ) | |
| Defendants. | ) |

**PLAINTIFF FEDERAL CARBIDE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Rules 37(a)(3)(B)(iii) and (iv) of the Federal Rules of Civil Procedure, Plaintiff, Federal Carbide Company ("FCC"), by and through its undersigned counsel, K&L Gates LLP, moves for the entry of an order compelling Defendants Exeter Construction, LLC ("Exeter") and Dennis B. Ballard ("Ballard"; collectively the "Defendants") to respond to the discovery requests FCC served on Defendants 74 days ago. In support thereof, FCC states as follows:

1. On July 14, 2016, FCC served Defendants with FCC's First Set of Interrogatories and FCC's First Request for Production of Documents and Things (collectively, the "Discovery Requests"; FCC's First Set of Interrogatories and FCC's First Request for Production of Documents and Things are attached hereto as Exhibit 1 and Exhibit 2, respectively).

2. In accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants' responses to FCC's Discovery Requests were due 30 days thereafter, i.e., on or before August 15, 2016 (the thirtieth day fell on a weekend).

3. Defendants failed to respond to the Discovery Requests by August 15, 2016.

PI-3951747 v1

4. As such, on August 17, 2016, counsel for FCC sent counsel for Defendants a letter requesting Defendants provide their responses to FCC's Discovery Requests by August 19, 2016, so there would be no need for Court involvement. See Exhibit 3, 9/17/16 letter from W. Wickard to R. Palumbi.

5. Defendants did not provide responses to FCC's Discovery Requests by August 19, 2016.

6. Instead, on August 23, 2016, counsel for Defendants requested an extension until September 16, 2016 to respond to FCC's Discovery Requests. See Exhibit 4, 8/23/16 email from R. Palumbi to J. Richey.

7. FCC's counsel agreed to grant Defendants the extension, but also made clear that that it could not give any more extensions due to the approaching discovery deadline in this case (i.e., November 1, 2016) and the necessity for FCC to receive Defendants' responses to FCC's Discovery Requests before FCC could take depositions in the case. See Exhibit 5, 8/23/16 email from J. Richey to R. Palumbi.

8. Defendants did not provide responses to FCC's Discovery Requests by September 16, 2016.

9. As such, counsel for FCC met and conferred with counsel for Defendants via telephone on September 21, 2016. In that telephone conversation, Defendants counsel represented he probably could provide responses to FCC's Discovery Requests by the end of that week, i.e., September 23, 2016.

10. Defendants did not provide responses to FCC's Discovery Requests by September 23, 2016.

11. To date, although 74 days have elapsed since FCC's Discovery Requests were served on Defendants, Defendants have failed to respond to FCC's Discovery Requests at all.[1]

12. Consequently, this Court should grant FCC's Motion to Compel Discovery Responses and require Defendants to fully and completely respond to the Discovery Requests within five (5) days and pay the expenses FCC incurred in bringing this Motion, including attorneys' fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

WHEREFORE, FCC requests that this Court grant FCC's Motion to Compel Discovery Responses and enter an Order, in the form of the Order attached hereto that: (i) compels Defendants to serve written responses to and produce all documents responsive to FCC's First Request for Production of Documents and Things within five (5) days of the date of the Order; (ii) compels Defendants to serve answers fully and completely responding to FCC's First Set of Interrogatories within five (5) days of the date of the Order; and (iii) awards FCC the expenses it incurred in making this Motion, including attorneys' fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

---

[1] This is not the first time that Defendants have exhibited dilatory litigation conduct. Indeed, Ballard ducked FCC's initial attempts to serve him with the Complaint, then once FCC was able to effectuate service, he ignored his legal obligations, failed to make an appearance or file a response. As such, FCC was forced to incur the expense of filing for and obtaining a default against both Defendants. [ECF No. 9]. FCC also incurred the expense of preparing a Motion for Default Judgment. [ECF No. 17]. Later, this Court granted Defendants' motion to lift the default and provided Defendants additional time to file an answer. [ECF No. 19].

Respectfully submitted,

Dated: September 27, 2016 /s/ William D. Wickard
Jason L. Richey
Pa. I.D. # 78943
William Wickard, Esquire
Pa. I.D. #87741

K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
Tel: (412) 355-6500

*Counsel for Plaintiff, Federal Carbide Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2016, a copy of foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following individuals and all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

>Matthew Jameson, III, Esq.
>Robert M. Palumbi, Esq.
>Babst, Calland, Clements and Zomnir, P.C.
>Two Gateway Center, 7th Floor
>603 Stanwix Street
>Pittsburgh, PA  15222


/s/ William D. Wickard