IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL CARBIDE COMPANY, | ) | Case No. 3:15-cv-248 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| EXETER CONSTRUCTION, LLC and | ) | |
| DENNIS B. BALLARD, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On November 22, 2016, this Court granted plaintiff's motion for sanctions against defendants based on defendants' failure to obey an order to provide discovery. (ECF No. 41.) The Court entered judgment in favor of plaintiff, dismissed defendants' counterclaim with prejudice, and scheduled a hearing for January 12, 2017, to determine damages. (Id.) The Court's order also provided that "Defendants Exeter and Ballard shall pay the expenses and attorney's fees [Plaintiff] incurred in connection with this Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(C)," and instructed plaintiff to submit an affidavit describing the expenses and attorneys' fees it incurred in connection with its motion for sanctions. (Id. at 2.)

Plaintiff filed an affidavit setting forth the expenses it incurred in bringing its motion for sanctions on December 1, 2016. (ECF No. 44.) In the affidavit, plaintiff's counsel states that they spent a total of 34 hours of work in connection with plaintiff's motion for sanctions, amounting to $11,305.50 in attorneys' fees. (Id at 2-3.) Plaintiff's affidavit also lists the attorneys who worked on the motion, the substance of their work, and their hourly rates. (Id.)

The Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433. The result of this calculation is called the lodestar. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is strongly presumed to represent a reasonable fee. *Id.* (citations omitted).

The fee petitioner, to meet its burden of proving that its request for attorneys' fees is reasonable, must submit evidence supporting the hours worked and the rates claimed. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal quotation marks omitted) (citing *Hensley*, 461 U.S. at 433). "The district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (footnote omitted) (citing *Hensley*, 461 U.S. at 433-34).

Applying this standard here, the Court finds that both the hourly rates of plaintiffs' counsel and the number of hours plaintiffs' counsel spent working on plaintiffs' motion for sanctions are reasonable. Plaintiff's motion (ECF No. 38) and its brief in support (ECF No. 39) were substantive filings, and there is no indication that the time spent or rates charged were unreasonable or excessive. Moreover, a "court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 719 (3d Cir. 1989). And despite more than 21 days having passed since plaintiff filed its affidavit, defendants have filed no response.

**WHEREFORE NOW**, this 28th day of December 2016, the Court **HEREBY ORDERS** defendants to pay the expenses plaintiff incurred in connection with plaintiff's motion for sanctions. Defendants shall pay plaintiff **$11,305.50 within 30 days**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE