IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL CARBIDE COMPANY, | ) | Case No. 3:15-cv-248 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| EXETER CONSTRUCTION, LLC and | ) | |
| DENNIS B. BALLARD, | ) | |
| | ) | |
| Defendants. | ) | |

## HEARING MEMO

Hearing:       Non-Jury Hearing on Damages
Before Judge:  Kim R. Gibson on January 12, 2017

| Appearing for Plaintiff<br>Jason L. Richey | Appearing for Defendant |
|---|---|
| Hearing Began<br>1:44 p.m. | Hearing Concluded<br>2:33 p.m. |
| Law Clerk<br>GBB | Court Reporter<br>KS |

A non-jury hearing on damages was held with Jason L. Richey appearing for the plaintiff and no one appearing for the defendant. Attorney Richey made his appearance and gave a brief opening statement describing the case and giving an overview of how he intended to proceed with the hearing. Attorney Richey then moved to presenting evidence. Attorney Richey first called David Avedesian, plaintiff's vice president and co-owner. Mr. Avedesian testified to the nature of plaintiff's business and the events leading up to this case being filed. Attorney Richey then moved to admit into evidence exhibits 1-6, which the Court admitted.

Next, Attorney Richey called Brad Wolf to testify to damages. Mr. Wolf testified to his experience and background in industrial engineering and construction, after which Attorney Richey moved to have Mr. Wolf recognized as an expert. The Court recognized Mr. Wolf as an expert in engineering and construction. Mr. Wolf then testified to his involvement in this case, the documents he reviewed, the investigation he performed, as

-2-

well as his damages calculations and their bases. After Mr. Wolf's testimony finished, Attorney Richey moved to enter exhibit 7 into evidence, which the Court admitted.

Attorney Richey concluded with a brief closing argument and requested the Court award compensatory and punitive damages. Attorney Richey requested also permission to file an affidavit within 10 days detailing attorneys' fees. The Court granted Attorney Richey's request for permission to file an affidavit describing attorneys' fees, and stated that it would take the damages award under advisement. No further issues were discussed and the hearing concluded.